The next case on the calendar is Shands v. Lakeland Central School District. Good afternoon, Judge Jacobs, Judge Livingston, Judge Carney. Discrimination based on age, race, and gender against a qualified, the better qualified, and the more than qualified, and more experienced applicant is illegal and morally reprehensible. Discrimination, employment discrimination, is what brings us here today. Being treated as a stereotype is evidence of discrimination. I was treated as a stereotype, hired, not hired, as an assistant middle school principal, but employed as a substitute. Prior to applying for the position at Copper Beach, I was a multi-level educator and administrator, with all of the duties and responsibilities performed by an assistant middle school principal or principal. I was successful as an administrative intern at the Greenberg Grand School in Hastings. I was considered competent as an associate pastor at a Harlem church with more than 700 active members. I was a valued board member for the Peekskill Health Center. After being a board member, I was a consultant specializing in disparity and sensitivity training for the health center, and it's more than 600 employees. I was a columnist for the Gannett newspaper. I was director of community theater for children ages 7 to 17. Had you worked in a public school? Yes. For any length of time?  Could you describe that experience, please? Yes. I've worked in public education and public schools. And public education, I was working with public school students. And I wanted to tell you about what I was doing with public school students, while working in public education, I was working with public school students. I was working in public schools in New York City and also in West Chester County. I also worked in public education with public school students. And what I did there was I was working mostly with middle school students who were either taking summer school courses at Lehman College, and middle school students who were enrolled in the science technology entry program at Mercy College. I spent 10 years working with students who were middle school students, and I was involved with the common core learning standards and middle school students for 10 years, while working with middle school students at Lehman College and taking summer school classes at Lehman College, and middle school students enrolled in the science technology entry program at Mercy College. And at the same time, I was working with high school students, high school graduates, who were trying to seek admission to mainstream college level courses. And can I ask your resume? It reflected your work at Mercy College and Lehman College. Did it reflect that that involved middle school students? My letter did. Had they known about the programs I was involved in, it would have been automatically known that I was also working with middle school students. But I did say in my letter, and I had also worked with the middle school students right there at Copper Beach, so I thought that was an end. I had worked successfully with Copper Beach middle school students. I was asked to serve as an educational consultant in African American history for the John C. Hart Memorial Library. And at that time, I worked exclusively with middle school students from Copper Beach middle school. And they were very much inspired and wanted the program to last longer. And so we got a two-week extension, which the superintendent of schools okayed, and we continued with the program for the extra two weeks. And the children were very, very, very involved with that. And I've had many successes in education on different levels. So, like I said, I was multilevel. And including middle school, I also had ten years, whereas the person who was hired only had seven years of work, and not only with middle school students. Some of that was with elementary school students. But I had more experience with the Common Core Learning Standards and middle school students than the person who was hired. That is acknowledged by the Lakeland Assistant Superintendent of Human Resources in her, what's it called, deposition. On page 127 of that deposition, which was November 28, 2017, she acknowledges that I am better qualified than the person who was hired for the vacancy. The red light is on, so you've reserved some rebuttal. Oh, no, you said no rebuttal time. But let's hear from your adversary, and if we have additional questions after hearing from him, we may ask you to take an additional moment. Thank you. Good afternoon, Your Honors. Drew Sumner with Portali Rendazzo, LLP, for the respondents. May it please the Court, this case, as Dr. Shands explained, is brought under the ADEA and the 14th Amendment, alleging claims of gender, race, and age discrimination. What this case comes down to is a comparison of the qualifications of Dr. Shands to Frank Ruolo, who the district ultimately hired as its assistant principal. Dr. Shands explained to the Court some of her qualifications that she felt made her the better qualified candidate. I submit that much of this was not listed in any of her application materials, and Judge Karas found the same in deciding the motion for summary judgment in our favorite. For instance, her application materials did not set forth an extensive experience in middle school public education that Dr. Tammy Cosgrove, the named defendant in this case, said was the meat and potatoes of what the review board was looking for in a qualified candidate. The most recent public school experience listed in Dr. Shands' resume was her position as a teacher in the 1969-1970 school year. She had no experience as an administrator, as an assistant principal or principal. She had several months as an administrative intern in connection with her studies to become certified as a school district administrator. She did not demonstrate any knowledge of the Common Core Learning Standards that the school district was looking for in its potential assistant principal. Those standards were implemented in 2012. She had previously worked as an administrator with the Copper Beach Middle School students in the six-week program in African American History. What did the application materials reflect about that? She didn't work with the Copper Beach School as an administrator. She worked with an outside program. I think Your Honor is referring to the program at the Memorial Library. That was outside of school, and she ran that program for four weeks, ultimately was extended to six weeks, but that in no way was an administrative position with Copper Beach Middle School. Her resume did not mention that experience at all. Her cover letter that was submitted via email to Dr. Cosgrove mentions briefly that she participated several years ago in supervising a number of students who volunteered to participate in that African American History Month celebration. Setting this cover letter aside, the district court noted that the district stated that it would only consider application materials submitted via OLAS, which is an online application system. That cover letter was not submitted via OLAS. The district court said even assuming if Dr. Cosgrove and the district had considered the cover letter, it still isn't enough to surpass the standard that Dr. Shands has to show here and was unwilling to show. The court said that there was no evidence of any discriminatory animus on behalf of the district. Absent any questions from the panel, we'll rest on our brief. Thank you, Your Honor. Thank you, Dr. Shands. Thank you. Thank you both. May I say something? I did give you that opportunity, so we'll give you two minutes of rebuttal. I was denied everything, not everything he said was true. And when I went to the board for the applicant to apply, they told me I wasn't even certified. They told me I had no middle school experience. They said a lot of things that weren't true, and they're still saying a lot of things that aren't true. And I think that qualifies as what they call a pattern. Not a pattern, but a ploy, a pretext, yes, over and over again. They said I wasn't qualified. I'm more than qualified. I'm more than qualified than Frank Rulo. I had more experience doing what they hired him to do. And she says it in a deposition. She announces it. She finally concedes it after I don't know how many pages. But the person who, the lawyer, got her to say it, and he kept trying to beat around it and beat around it and beat around it. I was more qualified. I am more qualified. I've been teaching and in education older. Before she was 39 years old, I think, or 38 or 39, I had been in education over 51 years. And so I am definitely more qualified. But they told things that weren't true and they're still doing it. I did have my certification. I did have experience with middle school students. I did submit letters. And, you know, I was treated as a stereotype. And that is grounds for discrimination. Well, thank you, Dr. Shands, for coming in. And thank you both. And we have the briefs and we'll take the matter under advisement and give it our most careful consideration. Thank you. That's the last case to be argued on the calendar this morning. I'll ask the clerk to adjourn court.